IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

STAR INSURANCE COMPANY,　　　　}
　　　　　　　　　　　　　　　　}
　　　Plaintiff,　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CIVIL ACTION NO.
v.　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CV-01-AR-883-J
ESTATE OF T.D. TERRY, et al., }
　　　　　　　　　　　　　　　　}
　　　Defendants.　　　　　　　 }

ENTERED
JUN 13 2001

## MEMORANDUM OPINION

The court has heard oral argument and has considered briefs in support of and in opposition to the motion filed by defendants, Annette Roell and Donna Kennedy, as administrators of the estate of Trecena Darlene Terry, deceased ("Terry Estate"), to dismiss the above-entitled action brought by Star Insurance Company ("Star"), or to abate the action, or for a more definite statement. The latter alternative, namely the request for a more definite statement, has been rendered moot by the previous granting of Star's motion for leave to amend.

The dispositive issue in this case is not whether the insurance policy issued by Star provided uninsured motorist coverage to defendants' decedent, or whether there was, in fact, an insured motorist whose negligence proximately caused the death of defendants' decedent, or whether the Terry Estate, in obtaining a default judgment against the alleged uninsured motorist in the amount of $3,750,000 without notice to Star of the trial date, after striking the jury demand, and without a court reporter's



taking down any of the testimony, violated "due process" insofar as that judgment may provide a basis for the Terry Estate claiming against Star under the policy, but rather whether the Alabama procedural rules applicable in the Circuit Court of Walker County, Alabama, where the default judgment was obtained (procedures employed and invoked by the parties prior to the filing of the suit in this court) are sufficient to call upon this court to apply one or more of the doctrines of abstention and to step aside in favor of the state court as the preferred forum for a resolution of the controversy.

It goes without saying that in federal courts the presumption is against jurisdiction in every case. Ours are courts of limited jurisdiction. The burden of proving or showing that the facts are such as to give the court jurisdiction is on the party who seeks the exercise of jurisdiction. In this case, that party is Star. See *McNutt v. General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 56 S.Ct. 780 (1936). The Terry Estate does not challenge the existence of complete diversity or that the amount in controversy exceeds $75,000. Instead, the co-administrators of the Terry Estate simply ask this court to abstain in deference to the proceeding in the Circuit Court of Walker County.

It would be inappropriate for this court to undertake a comparison of the quality of justice that can be obtained in this court with the quality of justice that can be obtained in an

Alabama state court, or, for that matter, in the Circuit Court of Walker County. Perhaps someone will write a law review article on that subject. Perhaps such a law review article has already been written. More than just a theoretical jurisprudential principle, state courts are deemed to be entirely competent to adjudicate federal constitutional questions, as well to be preferred as the arbiters of matters of state law. Federal courts must tread lightly when they are asked to interfere with ongoing state proceedings.

    The Terry Estate obtained a judgment against Javier C. Torreblanco in the Circuit Court of Walker County under circumstances in which Star argues that the said judgment is ineffectual insofar as it purports to affect Star's rights and obligations. The Terry Estate has issued a garnishment against Star in an attempt to collect its judgment. It is this garnishment that precipitated Star's declaratory judgment action in this court. The Terry Estate claims that Star, in defense of the writ of garnishment, can readily present to the Circuit Court of Walker County every argument, every contention, and every piece of evidence that it can interpose or plead or offer in this court. This court will put the Terry Estate and the Circuit Court of Walker County to the test on this proposition. This court willingly assumes, without trying to describe the procedural niceties available in the Circuit Court of Walker County, that the

3

issues between all affected parties can be drawn in Walker County in such a way that the entire merits of the controversy, including the overarching "due process" question, can be fairly and adequately decided on the merits, and to be appealable to the appropriate reviewing court within the Alabama judicial system in the likely event that one party or another is unhappy with the lower court result.

It matters not whether this court's abstention is for the purpose of avoiding a constitutional issue that may be avoided of by an application of state law ("*Pullman* abstention"), or because federal courts are reluctant to interfere with prior state enforcement proceedings absent a showing of harassment, bad faith or other unusual circumstances calling for federal equitable relief ("*Younger* abstention"), or for reasons of wise judicial administration and a recognition of comity and federalism when parallel state court proceedings are pending ("*Colorado River* abstention"). This case calls for abstention on one or more of these abstention theories, and this court will, by separate order grant the Terry Estate's motion to dismiss without prejudice.

If the Alabama courts should fail to decide the controversy on the merits for procedural or jurisdictional reasons, this court will entertain a motion to reinstate this action.

DONE this  13th  day of June, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE